## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| VAIL PLAZA DEVELOPMENT, LLC ) | Case No. 08-26920 HRT |
| EIN: 75-1981329 ) | Chapter 11 |
|     Debtor. ) | |
| _____ ) | Case No. 08-26924 HRT |
| ) | Chapter 11 |
| In re: ) | |
| ) | |
| VAIL PLAZA MEZZANINE, LLC, ) | |
| EIN: 75-1981329 ) | **Jointly Administered** |
|     Debtor. ) | **Under Case No. 08-26920 HRT** |
| ) | |

**FINAL ORDER GRANTING MOTION FOR AUTHORITY TO USE PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 363(b)(1)**

THIS MATTER came before the Court upon Vail Plaza Development, LLC's ("Development") Motion for Authority to Use Property of the Estate Pursuant to 11 U.S.C. § 363(b)(1) (the "Motion") and the Court, finding notice of the Motion was provided to all parties in interest and no objections having been filed, it is hereby

ORDERED that the Motion is GRANTED as provided herein;

ORDERED that Capmark Bank has a valid and perfected mortgage lien and security interest in and to the funds in the Parking Spaces Escrow Account (as defined in the Motion), and such funds constitute "cash collateral" within the meaning of 11 U.S.C. § 363(a);

ORDERED that Development is authorized to use up to $200,000 in cash collateral held in the Parking Spaces Escrow Account for operating expenses as set forth in the budget attached as Exhibit A to the Motion;

ORDERED that, as adequate protection for the use of its cash collateral, Capmark Bank is hereby granted a valid, binding, enforceable, and duly perfected security interest in and lien upon all property of every kind or nature, tangible or intangible, wherever located, now owned or hereafter acquired by the Debtor, and all proceeds, products, rents, and profits thereof (the "Adequate Protection Liens");

ORDERED that, to the extent that the Adequate Protection Liens provided herein prove inadequate to satisfy Development's obligations to repay the funds described above, Capmark Bank shall be deemed to have an allowed administrative expense priority claim, senior to all administrative expenses of the kind specified in sections 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 546(c), or (to the extent permitted by law) 726 of the Code ("Superpriority Claim"). No costs or administrative expenses which have been or may be incurred in this chapter 11 case, in any conversion of any of this chapter 11 cases pursuant to section 1112 of the Code, or in any other proceeding related thereto, are or will be prior to or on a parity with the Superpriority Claim, arising under any provision of this Order or the liens granted herein; and

ORDERED that Development shall repay all funds used from the Parking Spaces Escrow Account on or before March 31, 2010.

**DATED** this 17th day of November, 2009.

BY THE COURT:

_Howard Tallman_
United States Bankruptcy Judge